## Lill Melton v. The State.

1. Misdemeanor — Charge of the Court.— The court is not required to charge the jury in misdemeanor cases unless requested by counsel on either side, but when so requested must give or refuse such charges, with or without modification, as are asked in writing.
2. Same.— No verbal charge shall be given in any case whatever, except in a prosecution for a misdemeanor, and then only by the consent of the parties.

Appeal from the County Court of Grimes. Tried below before the Hon. R. C. Beale, County Judge.

The opinion states the case.

*J. D. Lee*, for the appellant.

*H. M. Holmes*, for the State.

Hurt, J.   The appellant was convicted of the theft of a hog. The jury assessed his punishment at ten days in the county jail, and a fine of fifty dollars.

By the second subdivision of the bill of exceptions it appears that the court charged the jury verbally, over the objections of the defendant. Article 681, Code Crim. Procedure, provides that: "In criminal actions for misdemeanor the court is not required to charge the jury, except at the request of counsel on either side, but, when so requested, shall give or refuse 'such charges, with or without modification, as are asked in writing." Article 682, Code Crim. Proc., provides that: "No verbal charge shall be given in any case whatever, except in cases of misdemeanor, and then only by consent of the parties."

The defendant in this case did not consent to or request a verbal charge, but on the contrary objected to the court giving such a charge. The court therefore erred in giving the verbal charge, and as the defendant excepted at the time, as appears from the bill, this court has no alternative but to reverse the judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*